Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

September 5, 2017

Gregory I. Rasin
Member of the Firm
d 212.969.3940
f 212.969.2900
grasin@proskauer.com
www.proskauer.com

<u>VIA ECF</u>

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York  10007

      Re:    *Robert Stolarik v. The New York Times Company and Michele McNally*
             Civil Action No. 17 Civ. 5083 (PGG)

Dear Judge Gardephe:

We represent the defendants ("Defendants") in the above-referenced matter.

Earlier today, we filed a pre-motion letter with Your Honor in connection with Defendants' motion to dismiss the Third and Tenth Causes of Action in Plaintiff Robert Stolarik's Complaint.

Section IV(A) of Your Honor's Individual Rules of Practice provides that the submission of a pre-motion letter concerning a motion to dismiss will stay the defendant's time to answer or otherwise move with respect to the complaint.  Your Honor's rules do not distinguish between motions to dismiss the entirety of a complaint and—as is the case here—a motion to dismiss a complaint in part.  Therefore, we respectfully seek clarification and request that Defendants' time to answer Plaintiff's Complaint, in its entirety, be stayed until fourteen (14) days after the Court enters a decision and order on Defendants' motion to dismiss.  The Answers are currently due on September 8, 2017, and this is the first request for such relief.

We note that other courts within this District have held that the filing of any motion under FRCP 12—including a partial motion to dismiss—postpones a defendant's time to answer until fourteen days after the motion is decided.  *E.g., Lombardo v. Dr. Seuss Enterprises, LP*, No. 16 Civ. 9974 (AKH), 2017 WL 1378413, at *3 (S.D.N.Y. Apr. 7, 2017) ("A party may file a motion to dismiss only certain claims—*i.e.*, a partial motion to dismiss—and the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided.") (citations omitted); *accord Dekom v. New York*, No. 12-CV-1318 (JS) (ARL), 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013) (same), *aff'd,* 583 F. App'x 15 (2d Cir. 2014) (summary order); *see also* C. Wright & A. Miller, 5A *Federal Practice & Procedure* § 1346 (describing the "majority rule" that "the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").

**Proskauer»**

Hon. Paul G. Gardephe
September 5, 2017
Page 2

Last week, we sought consent from Plaintiff's counsel to stay Defendants' time to answer the entirety of Plaintiff's Complaint until after Defendants' motion to dismiss is decided. Plaintiff's counsel refused to consent to the request.

For the foregoing reasons, Defendants respectfully request an order staying their deadline to answer the Complaint until fourteen days after the Court issues a decision on Defendants' motion to dismiss.

Respectfully submitted,

*/s/ Gregory I. Rasin*

Gregory I. Rasin

Cc: Lee F. Bantle, Esq. (Via ECF)
    Sherie N. Buell, Esq. (Via ECF)
    Allan S. Bloom, Esq.
    Michelle A. Annese, Esq.