# BANTLE & LEVY LLP

### ATTORNEYS AT LAW

### 817 BROADWAY

### NEW YORK, NEW YORK 10003

ROBERT L. LEVY
LEE F. BANTLE
SHERIE BUELL

TEL 212.228.9666
FAX 212.228.7654

September 8, 2017

**Via ECF and Fax**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *Stolarik v. The New York Times Company, et.al.*
     Civil Case No. 17 Civ. 5083 (PGG)_____

Dear Judge Gardephe:

This firm represents Plaintiff Robert Stolarik in the above-referenced case.  We write to respond to the two letters from Defendants' counsel, each dated September 5, 2017.

For more than 10 years, Mr. Stolarik worked full-time as a photographer for The New York Times (the "Times"), most often assigned to photography jobs covering the police. He often worked in excess of 40 hours per week.  Throughout his tenure, he was misclassified as an independent contractor rather than an employee.  He was known among New York Times staff as a "full-time freelancer."  Though Mr. Stolarik sought a staff position, he was told that he was too old.  When he was wrongfully arrested while on assignment, the Times reduced and then eliminated his freelance work.

Plaintiff brings claims under the Fair Labor Standards Act, the New York Labor Law, the New York City Human Rights Law and for quasi-contract.  Defendants seek permission to make a motion to dismiss one of his two New York Labor Law Claims (third cause of action) and his quasi-contract claim (tenth cause of action).  Defendants wrongly contend that these claims are pre-empted by Section 301 of the Labor Relations Management Act, 29 U.S.C. §185(a).

The holding of the Supreme Court in *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 413 (1988) shows the futility of the proposed motion: "In sum, we hold that an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement."  Resolution of Plaintiff's third and tenth causes of action does not require this Court to *interpret* the collective

BANTLE & LEVY LLP

bargaining agreement.  Defendants have pointed to no section of the CBA which this Court would have to interpret in order to resolve the third and tenth causes of action.

Reference to the CBA in Plaintiff's complaint is merely to establish the rate of pay and benefits received by Times staff photographers who, unlike Plaintiff, were treated as employees. No *interpretation* of the CBA is required.  The rate of pay and benefits for staff photographers can easily be ascertained by information contained in the CBA or by the deposition of a human resources representative of the Times. This point was recognized by the Second Circuit in a case relied upon by Defendants here, *Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003) ("Nor would a state claim be preempted if its application required mere referral to the CBA for information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.")(quoting *Lingle*).

Plaintiff has pleaded that he was "employed by the Times" within the meaning of the FLSA, the New York Labor Law and the NYC Human Rights Law. (Complaint, ¶¶ 8-9).  The determination of his claims depends on an interpretation of these laws, not on an interpretation of the Collective Bargaining Agreement. *See, e.g. Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992) (setting forth the factors governing the determination of whether an individual is an "employee" under the FLSA); *Akgul v. Prime Time Transp., Inc.*, 293 App. Div. 2nd 631 (2d Dep't 2002) (holding that whether an individual is an employee under the New York Labor Law is dependent on a determination of whether the employer exercised control).

In light of the foregoing, Defendants' proposed motion appears futile.  It would be a waste of this Court's resources and an unnecessary burden on Plaintiff to have to address this motion.

In the event that Defendants are permitted to make their proposed motion, we request that a case management conference be held during its pendency nonetheless.  It seems unlikely that discovery in this case will be different in any significant way based on the outcome of the motion.

Sincerely yours,

BANTLE & LEVY LLP

By _____

Lee F. Bantle

Attorneys for Plaintiff

cc:    Gregory I. Rasin, Esq. (Via ECF)