

November 13, 2017

Gregory I. Rasin
Member of the Firm
d 212.969.3940
f 212.969.2900
grasin@proskauer.com
www.proskauer.com

<u>Via ECF</u>

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    <u>*Robert Stolarik v. The New York Times Company, et al.*</u>
              <u>Civil Action No. 17 Civ. 5083 (PGG)</u>

Dear Judge Gardephe:

We represent the Defendants in the above-referenced matter. On September 5, 2017, we filed a letter in accordance with Section IV.A. of Your Honor's Individual Rules of Practice, on behalf of Defendants The New York Times Company ("The Times") and Michele McNally, requesting a pre-motion conference and permission to file a motion to dismiss the Third and Tenth Causes of Action in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Robert Stolarik filed an Amended Complaint on November 9, 2017 (Dkt. #21), alleging, as he did in his Complaint, various federal and state law claims against The Times for failure to pay wages, overtime, and other benefits based on The Times' alleged misclassification of Plaintiff as a freelance photographer (as opposed to a staff photographer/employee). We now renew our request for a pre-motion conference and permission to move to dismiss the Third and Tenth Causes of Action in the Amended Complaint.[1]

Plaintiff provided free-lance photography services to The Times. The Third and Tenth Causes of Action are predicated on the claim that Plaintiff should have been classified as an employee covered by the collective bargaining agreement between The Times and the Newspaper Guild of New York (the "CBA") and paid the wages and benefits set forth in the CBA and, as a result of that assertion, are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"). Specifically, Plaintiff's Third Cause of Action alleges that The Times violated Article 6 of the New York Labor Law because it failed to pay Plaintiff the agreed to wage for staff photographers covered by the CBA. (Compl. ¶ 128.) Plaintiff's Tenth Cause of

---

[1] Plaintiff's Amended Complaint added Trustees of the Newspaper Guild of New York – New York Times Pension Plan, Newspaper Guild of New York – New York Times Pension Plan, Trustees of the Guild – Times Adjustable Pension Plan and Guild – Times Adjustable Pension Plan as Defendants and an Eleventh Cause of Action pertaining to those Defendants. Those Defendants will be filing their own request for a pre-motion conference and permission to move to dismiss the Eleventh Cause of Action.

**Proskauer»**

Honorable Paul G. Gardephe
November 13, 2017
Page 2

Action similarly alleges that The Times failed to pay Plaintiff the salary and benefits paid to staff photographers (and set forth in the CBA). (Compl. ¶ 152.)

A.  **State Law Claims That Allege Breach of or Require Interpretation of a Collective Bargaining Agreement are Preempted.**

The CBA is governed by Section 301, which completely preempts all state statutory and common law claims that allege violations of a labor contract or are substantially dependent upon the interpretation or application of the terms of a collective bargaining agreement. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (*citing Elec. Workers v. Hechler*, 481 U.S. 852, 859 n.3 (1987)); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)); *see also Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003). Courts in the Second Circuit have consistently found that claims under Article 6 of the New York Labor Law are preempted where they require interpretation of a collective bargaining agreement. *See Vera*, 335 F.3d at 115-117; *Levy v. Verizon Information Services, Inc.*, 498 F. Supp. 2d 586 (E.D.N.Y. 2007).

B.  **Plaintiff's Third and Tenth Causes of Action are Preempted Because They Allege Breach of and/or Require Interpretation or Application of the CBA.**

Plaintiff's claims as pled are predicated upon breach of the CBA or, at a minimum, require interpretation of the terms of the CBA. As a threshold matter, both the Third and Tenth Causes of Action can only be resolved through interpretation of the CBA to determine whether Plaintiff is even covered by the CBA. Moreover, the claims require interpretation of the CBA to determine the wages and benefits that Plaintiff would have received if it is found that he should have been a part of the bargaining unit defined in the CBA. Claims which are predicated on a violation of, or that require interpretation of, a collective bargaining agreement are preempted whether or not the employee is a member of the union bargaining unit. *See Gonzalez v. Al. & John Inc.*, No. 06-6245, 2007 WL 1490407 (D.N.J. May 18, 2007).

C.  **Plaintiff's Section 301 Claims Should Be Dismissed Because Plaintiff Has Failed to Exhaust the Contractual Remedies.**

Even if Plaintiff attempted to plead these causes of action as Section 301 claims, he would be barred because he has failed to satisfy the mandatory prerequisite for asserting such claims – he has not attempted to exhaust the remedies under the CBA. Disputes under the CBA must be resolved in accordance with the grievance and arbitration procedure set forth in the CBA. *See Vera*, 335 F.3d at 118. Plaintiff has not attempted to do so here.

\*   \*   \*

**Proskauer»**

Honorable Paul G. Gardephe
November 13, 2017
Page 3

For the foregoing reasons, we request a pre-motion conference in connection with the proposed motion to dismiss Plaintiff's Third and Tenth Causes of Action on the grounds that they are completely preempted and that Plaintiff cannot state a claim under Section 301.

Plaintiff does not consent to the proposed motion to dismiss or to the dismissal of the Third and Tenth causes of action in his Amended Complaint.

Respectfully submitted,


*/s/ Gregory I. Rasin*
Gregory I. Rasin

Cc:   Lee F. Bantle, Esq. (Via ECF)
      Sherie N. Buell, Esq. (Via ECF)
      Allan S. Bloom, Esq.
      Michelle A. Annese, Esq.

**Proskauer»**