

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Myron D. Rumeld
Member of the Firm
d 212.969.3021
f 212.969.2900
mrumeld@proskauer.com
www.proskauer.com

November 13, 2017

<u>By Electronic Case Filing</u>

The Honorable Paul G. Gardephe
U.S. District Court, Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Robert Stolarik v. The New York Times Company, et al.*, Case No. 17 Civ. 5083 (PGG)

Dear Judge Gardephe:

     We represent Defendants the Newspaper Guild of New York – New York Times Pension Plan (the "Pension Plan"), the Guild-Times Adjustable Pension Plan (the "APP"), the Trustees of the Pension Plan, and the Trustees of the APP (collectively, the "Plan Defendants"), who were recently added as Defendants in the Amended Complaint (Dkt. 21) filed on November 9, 2017. Notwithstanding the recent addition of our clients to this action (who still have not been served), we are endeavoring to stay on the schedule that was previously set by the Court and, for that reason, are now submitting our pre-motion letter.

     In accordance with Section IV.A. of Your Honor's Individual Rules of Practice, we respectfully request that the Court authorize the Plan Defendants to proceed with a motion to dismiss the single count in the Amended Complaint (Count XI) that is asserted against them. The motion is timely because claims for benefits under ERISA are adjudicated based on a review of the administrative record, which has already been provided to Plaintiff and is referenced in the Amended Complaint. *See, e.g.*, *Baird v. Prudential Ins. Co. of Am.*, No. 09 Civ. 7898 (PGG), 2010 WL 3743839, at *8-9 (S.D.N.Y. Sept. 24, 2010) (Gardephe, J.), *aff'd*, 458 F. App'x 39 (2d Cir. 2012).[1]

     As a preliminary matter, even without reaching the merits, Plaintiff's claim against the Plans should be dismissed because it is time-barred. Claims for benefits under Section 502(a)(1)(B) that are brought in this jurisdiction are subject to a six-year statute of limitations, which begins to run upon a clear repudiation that is known, or should be known. *See, e.g.*, *Brennan v. Metro. Life Ins. Co.*, 275 F. Supp. 2d 406 (S.D.N.Y. 2003); *Ambris v. Bank of N.Y.*, 96 Civ. 0061, 1998 WL 702289 (S.D.N.Y. Oct. 7, 1998). In cases like this one, where a participant's entitlement to benefits hinges on whether he was an employee or independent contractor, courts have repeatedly held that the limitations period begins to run when the

---

[1] For the same reason, the Plan Defendants do not agree to the accompanying Case Management Plan and Scheduling Order, as there should be no discovery pertaining to Plaintiff's benefit claim.

**Proskauer»**

The Honorable Paul G. Gardephe
November 13, 2017
Page 2

participant is advised or acknowledges that he is an independent contractor and/or that he will not be receiving benefits. *See, e.g.*, *Brennan*, 275 F. Supp. 2d at 410 ("Because the Agreements contained a clear and unequivocal repudiation of employee benefits, plaintiffs' claims for benefits accrued on the day the Agreements were signed"); *Schultz v. Texaco Inc.*, 127 F. Supp. 2d 443, 448 (S.D.N.Y. 2001) (holding that the statute of limitations began to accrue when the plaintiff-independent contractor received his first paycheck from a third party payroll agency); *Ambris*, 1998 WL 702289, at *6-7 (holding that plaintiff's general understanding that she is not eligible for benefits, which need not come from the plan fiduciary, is sufficient to trigger the running of the statute of limitations). Applying these authorities here, Plaintiff's claim against the Plans is barred because, in 2004, he signed an independent contractor agreement in which he acknowledged that he would not be entitled to receive benefits.

The claims against the Plans are independently dismissible because, in response to the administrative claim and appeal filed by Plaintiff, the Plans' Trustees reasonably exercised their discretion to conclude that Plaintiff was not entitled to benefits under the Plans' terms. The Trustees' determination was based, *inter alia*, on the fact that Plaintiff signed the above-referenced independent contractor agreement and their application of the factors outlined in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992) and its progeny, which led them to conclude that Plaintiff was treated as an independent contractor. That determination must be upheld because there is no basis for finding it to be arbitrary and capricious. *See, e.g.*, *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Baird*, 2010 WL 3743839, at *6-7, *aff'd*, 458 F. App'x at 40.

\*   \*   \*

Plaintiff does not consent to the Plan Defendants' motion.

Respectfully,

*/s/Myron D. Rumeld*

Myron D. Rumeld

cc   Lee F. Bantle, Esq.
     Sherie N. Buell, Esq.
     Gregory Rasin, Esq.
     Allan S. Bloom, Esq.
     Michelle A. Annese, Esq.
     Russell L. Hirschhorn, Esq.