GREGORY I. RASIN
ALLAN S. BLOOM
MICHELLE A. ANNESE
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants, The New York Times*
*Company and Michele McNally*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROBERT STOLARIK,<br><br>          Plaintiff,<br><br>     - against -<br><br>THE NEW YORK TIMES COMPANY, MICHELE MCNALLY, TRUSTEES OF THE NEWSPAPER GUILD OF NEW YORK – NEW YORK TIMES PENSION PLAN, NEWSPAPER GUILD OF NEW YORK – NEW YORK TIMES PENSION PLAN, TRUSTEES OF THE GUILD – TIMES ADJUSTABLE PENSION PLAN, and GUILD – TIMES ADJUSTABLE PENSION PLAN,<br><br>          Defendants. | No. 17 Civ. 5083 (PGG)<br><br>**ECF CASE**<br><br>**DEFENDANT THE NEW YORK TIMES COMPANY'S ANSWER <u>AND AFFIRMATIVE DEFENSES</u>** |

Defendant The New York Times Company ("The Times") hereby answers the Amended Complaint and Jury Demand filed by Plaintiff Robert Stolarik ("Plaintiff") on or about November 9, 2017 ("Complaint") as follows:

## AS TO THE NATURE OF THE ACTION[1]

1.       The Times admits that Plaintiff purports to bring this action against The Times and Michele McNally ("McNally"), Trustees of the Newspaper Guild of New York – New York Times Pension Plan, Newspaper Guild of New York – New York Times Pension Plan, Trustees of the Guild – Times Adjustable Pension Plan, and Guild – Times Adjustable Pension Plan, under the statutes and theories listed in Paragraph 1 of the Complaint, and otherwise denies the allegations in that paragraph.

2.       The Times admits that it and McNally entered into a Tolling Agreement with Plaintiff on March 9, 2017, tolling the statutes of limitations as of that date with respect to certain of the claims alleged in a draft Complaint under the Fair Labor Standards Act, the New York Labor Law, and the New York City Human Rights Law, and further admits that the Tolling Agreement was terminated, and the tolling period ended, on June 30, 2017, and otherwise denies the allegations in Paragraph 2 of the Complaint.

## AS TO JURISDICTION AND VENUE

3.       The allegations in Paragraph 3 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent any response is required, The Times admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the statutes listed therein.

4.       The allegations in Paragraph 4 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent any response is required, The Times admits that Plaintiff purports to invoke venue in this Court under the statutes listed in Paragraph 4 of the

---

[1] The headings used in this Answer are the headings used by Plaintiff in the Complaint.

Complaint but denies that any events or omissions took place that would give rise to or otherwise support the causes of action alleged.

## AS TO THE PARTIES

5.      The Times lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6.      The Times admits the allegations in Paragraph 6 of the Complaint.

7.      The Times admits that it is engaged in the media and journalism industries, publishes a newspaper, and owns websites, and otherwise denies the allegations in Paragraph 7 of the Complaint.

8.      The claims against Defendant Newspaper Guild of New York – New York Times Pension Plan and Defendant Guild – Times Adjustable Pension Plan (the "Plan Defendants") were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

9.      The claims against Defendant Trustees of the Newspaper Guild of New York – New York Times Pension Plan and Defendant Trustees of the Guild – Times Adjustable Pension Plan (the "Trustee Defendants") were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

10.     The Times denies the allegations in Paragraph 10 of the Complaint.

11.     The Times denies the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are conclusions of law to which no responsive pleading is required.

13.     The allegations in Paragraph 13 of the Complaint are conclusions of law to which no responsive pleading is required.

14.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

15.     The claims against the Plan Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

16.     The claims against the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

## AS TO THE STATEMENT OF FACTS

17.     The Times admits that Plaintiff is a freelance photographer who has provided freelance photography services to The Times as an independent contractor; lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding Plaintiff's age; and otherwise denies the allegations in Paragraph 17 of the Complaint.

18.     The Times admits that in or about 2000, Plaintiff began providing freelance photography services to The Times as an independent contractor and that Plaintiff provided such services in Colombia, and otherwise denies the allegations in Paragraph 18 of the Complaint.

19.     The Times admits that Plaintiff provided freelance photography services to The Times in Colombia and Venezuela as an independent contractor, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint.

20.     The Times admits that Plaintiff provided freelance photography services to The Times's Metro desk as an independent contractor and that Plaintiff provided such services in

2004, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint.

21.     The Times admits that Plaintiff provided freelance photography services to The Times's Metro desk, as well as to its culture, food, politics, and business desks, as an independent contractor, and that such services included providing occasional photographs of police and protests, and otherwise denies the allegations in Paragraph 21 of the Complaint.

22.     The Times denies the allegations in Paragraph 22 of the Complaint.

23.     The Times denies the allegations in Paragraph 23 of the Complaint.

24.     The Times admits that editors engaged Plaintiff to provide freelance photography services because of his skill as a photographer, and otherwise denies the allegations in Paragraph 24 of the Complaint.

25.     The Times admits that Plaintiff's provision of freelance photography services to The Times diminished over time and otherwise denies the allegations in Paragraph 25 of the Complaint.

26.     The Times lacks knowledge or information sufficient to form a belief as to whether "more than 30 of Stolarik's photographs have appeared on page A-1 of the Times," and otherwise denies the allegations in Paragraph 26 of the Complaint.

27.     The Times denies the allegations in Paragraph 27 of the Complaint.

28.     The Times admits that Plaintiff provided freelance photography services to The Times as an independent contractor, that he was not entitled to and did not receive employee or fringe benefits from The Times, and that The Times properly reported his income from The Times on an IRS Form 1099, and otherwise denies the allegations in Paragraph 28 of the Complaint.

29.     The Times denies the allegations in Paragraph 29 of the Complaint.

30.     The Times denies the allegations in Paragraph 30 of the Complaint and in sub-paragraphs (a) through (k) thereof.

31.     The Times denies the allegations in Paragraph 31 of the Complaint.

32.     The Times denies the allegations in Paragraph 32 of the Complaint.

33.     The Times denies the allegations in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint is a conclusion of law to which no responsive pleading is required.

35.     The Times admits that freelance photography opportunities were communicated to Plaintiff by The Times' editors and otherwise denies the allegations in Paragraph 35 of the Complaint.

36.     The Times denies the allegations in Paragraph 31 of the Complaint.

37.     The Times admits that on one occasion in 2012, The Times temporarily loaned Plaintiff photography equipment when his equipment was allegedly confiscated by police, and otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     The Times denies the allegations in Paragraph 38 of the Complaint.

39.     The allegation in Paragraph 39 of the Complaint is a conclusion of law to which no responsive pleading is required.  To the extent a response is required, The Times denies the allegation.

40.     The Times denies the allegations in Paragraph 40 of the Complaint and in sub-paragraphs (a) through (g) thereof.

41.     The Times denies the allegations in Paragraph 41 of the Complaint.

42.     The Times denies the allegations in Paragraph 42 of the Complaint.

43.     The Times denies the allegations in Paragraph 43 of the Complaint

44.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

45.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

46.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

47.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

48.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

49.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

50.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

51.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.  To the extent any response is required, The Times admits that staff photographers are included in Group 10B of the Collective Bargaining Agreement between The Times and the Newsguild of New York.

52.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

53.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

54.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

55.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

56.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

57.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

58.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

59.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

60.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

61.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.  To the extent any response is required, The Times denies that Plaintiff was an employee of The Times and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 of the Complaint.

62.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.  To the extent any response is required, The Times denies that Plaintiff was an employee of The Times and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint.

63.     The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).

Therefore, no responsive pleading is required.  To the extent any response is required, The Times lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64.    The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

65.    The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

66.    The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

67.    The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

68.    The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.

69.    The claims against the Plan Defendants and the Trustee Defendants were dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71). Therefore, no responsive pleading is required.  To the extent any response is required, The Times denies the allegations in Paragraph 69 of the Complaint.

70.    The Times denies the allegations in Paragraph 70 of the Complaint.

71.     The Times admits that the nature of the freelance photography services Plaintiff provided sometimes required him to be present at a specific location at a specific time (in order to be able to photograph a specific event) and otherwise denies the allegations in Paragraph 71 of the Complaint.

72.     The Times denies the allegations in Paragraph 72 of the Complaint.

73.     The Times denies the allegations in Paragraph 73 of the Complaint.

74.     The Times denies the allegations in Paragraph 74 of the Complaint.

75.     The Times admits that it was aware of when Plaintiff submitted photographs and otherwise denies the allegations in Paragraph 75 of the Complaint.

76.     The Times denies the allegations in Paragraph 76 of the Complaint.

77.     The Times denies the allegations in Paragraph 77 of the Complaint.

78.     The Times avers that Plaintiff was paid an agreed-upon day rate, as memorialized in the written freelance photography services agreement that Plaintiff signed with The Times in April 2004, and otherwise denies the allegations in Paragraph 78 of the Complaint.

79.     The Times denies the allegations in Paragraph 79 of the Complaint.

80.     The Times denies the allegations in Paragraph 80 of the Complaint.

81.     The Times denies the allegations in Paragraph 81 of the Complaint.

82.     The Times denies the allegations in Paragraph 82 of the Complaint.

83.     The Times denies the allegations in Paragraph 83 of the Complaint.

84.     The Times denies the allegations in Paragraph 84 of the Complaint.

85.     The Times denies the allegations in Paragraph 85 of the Complaint.

86.     The Times denies the allegations in Paragraph 86 of the Complaint.

87.     The Times denies the allegations in Paragraph 87 of the Complaint.

88. The Times lacks knowledge or information sufficient to form a belief as to what unnamed "editors at the paper … felt" and otherwise denies the allegations in Paragraph 88 of the Complaint.

89. The Times denies the allegations in Paragraph 89 of the Complaint.

90. The Times denies the allegations in Paragraph 90 of the Complaint.

91. The Times denies the allegations in Paragraph 91 of the Complaint.

92. The Times admits that, in January 2006, Mr. Witty sent Plaintiff an email containing the language alleged in Paragraph 92 of the Complaint, but denies that the email had anything to do with any "hiring process" or with any employment opportunities at The Times.

93. The Times denies the allegations in Paragraph 93 of the Complaint.

94. The Times denies the allegations in Paragraph 94 of the Complaint.

95. The Times denies the allegations in Paragraph 95 of the Complaint.

96. The Times denies the allegations in Paragraph 96 of the Complaint.

97. The Times admits that in 2006, it hired Josh Haner as a staff editor on the Picture Desk (and not as a staff photographer) and that, at the time of his hire, Haner was 26 years old, and otherwise denies the allegations in Paragraph 97 of the Complaint.

98. The Times lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint.

99. The Times denies the allegations in Paragraph 99 of the Complaint.

100. The Times lacks knowledge or information sufficient to form a belief as to what Plaintiff "believ[ed]" and otherwise denies the allegations in Paragraph 100 of the Complaint.

101. The Times admits the allegations in Paragraph 101 of the Complaint and avers that the position was never filled.

102.    The Times admits that on June 9, 2014, Plaintiff emailed McNally about a staff photographer position at The Times and otherwise denies the allegations in Paragraph 102 of the Complaint.

103.    The Times avers that the June 9, 2014 email form Plaintiff concerning the staff photographer position went to McNally's "spam," that McNally never saw the June 9, 2014 email until discovery in this case, and that, as a result, there was no "inquiry" for McNally to respond to, and otherwise denies the allegations in Paragraph 103 of the Complaint.

104.    The Times denies the allegations in Paragraph 104 of the Complaint.

105.    The Times admits that in 2015, it hired Ben Solomon as a Video Correspondent based in Nairobi and otherwise denies the allegations in Paragraph 105 of the Complaint.

106.    The Times denies the allegations in Paragraph 106 of the Complaint.

107.    The Times denies the allegations in Paragraph 107 of the Complaint.

108.    The Times denies the allegations in Paragraph 108 of the Complaint.

109.    The Times denies the allegations in Paragraph 109 of the Complaint.

110.    The Times denies the allegations in Paragraph 110 of the Complaint.

111.    The Times denies the allegations in Paragraph 111 of the Complaint.

112.    The Times denies the allegations in Paragraph 112 of the Complaint.

113.    The Times denies the allegations in Paragraph 113 of the Complaint.

114.    The Times admits that Plaintiff provided freelance photography services to The Times as an independent contractor and that such services included providing photographs of activity relating to crime, protests, and other events involving the New York Police Department, and otherwise denies the allegations in Paragraph 114 of the Complaint.

115.    The Times admits that Plaintiff was arrested in the Bronx in late 2012 while providing freelance photography services to The Times and otherwise denies the allegations in Paragraph 115 of the Complaint.

116.    The Times admits that Plaintiff was with two reporters from The Times who were conducting street interviews when he was arrested in the Bronx in late 2012 while providing freelance photography services to The Times and that a police officer instructed Plaintiff to stop taking photographs, and otherwise denies the allegations in Paragraph 116 of the Complaint.

117.    The Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint.

118.    The Times admits, upon information and belief, that a police officer grabbed Plaintiff's camera, that the camera struck Plaintiff's face, and that Plaintiff was knocked to the ground and assaulted, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint.

119.    The Times admits, upon information and belief, the allegations in Paragraph 119 of the Complaint.

120.    The Times lacks knowledge or information sufficient to form a belief as to whether and when Plaintiff met with Jill Abramson; admits that it temporarily loaned Plaintiff photography equipment after his equipment was confiscated by the police, that it paid a portion of Plaintiff's medical bills associated solely with his altercation with the police on August 4, 2012, and that it asked George Freeman, then a Times attorney, to serve as Plaintiff's personal counsel; and otherwise denies the allegations in Paragraph 120 of the Complaint.

121.    The Times denies the allegations in Paragraph 121 of the Complaint.

122.    The Times admits the allegations in Paragraph 122 of the Complaint.

123.     The Times admits that, following his arrest, it continued to engage Plaintiff to provide freelance photography services relating to police-related protests, and otherwise denies the allegations in Paragraph 123 of the Complaint.

124.     The Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint.

125.     The Times denies the allegations in Paragraph 125 of the Complaint.

126.     The Times denies the allegations in Paragraph 126 of the Complaint.

127.     The Times denies the allegations in Paragraph 127 of the Complaint.

128.     The Times denies the allegations in Paragraph 128 of the Complaint, and avers that the number of days that Plaintiff performed freelance photography services for The Times had no relationship to a police officer's indictment.

129.     The Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint.

130.     The Times admits the allegations in Paragraph 130 of the Complaint.

131.     The Times denies the allegations in Paragraph 131 of the Complaint, and avers that the number of days that Plaintiff performed freelance photography services for The Times had no relationship to a police officer's conviction.

132.     The Times denies the allegations in Paragraph 132 of the Complaint.

133.     The Times denies the allegations in Paragraph 133 of the Complaint.

134.     The Times denies the allegations in Paragraph 134 of the Complaint.

135.     The Times denies the allegations in Paragraph 135 of the Complaint.

136.    The Times admits that on or about March 18, 2016, Plaintiff's counsel sent a letter to Kenneth Richieri, then General Counsel of the Times, and refers the Court to the letter for an accurate description of its contents.

137.    The Times denies the allegations in Paragraph 137 of the Complaint.

138.    The Times denies the allegations in Paragraph 138 of the Complaint.

139.    The Times admits that Plaintiff has not provided freelance photography services to The Times since March 18, 2016, but denies any connection between that fact and Plaintiff's age, arrest, or assertion of rights or claims.

140.    The Times denies the allegations in Paragraph 140 of the Complaint.

141.    The Times denies the allegations in Paragraph 141 of the Complaint.

142.    The Times denies the allegations in Paragraph 142 of the Complaint.

143.    The Times denies the allegations in Paragraph 143 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
*Overtime Wages Pursuant to the FLSA, 29 U.S.C. § 201 et seq., Against Defendant The Times*

144.    The Times repeats and realleges its responses to all preceding allegations as if fully set forth herein.

145.    The Times denies the allegations in Paragraph 145 of the Complaint.

146.    The Times denies the allegations in Paragraph 146 of the Complaint.

147.    The Times denies the allegations in Paragraph 147 of the Complaint.

148.    The Times denies the allegations in Paragraph 148 of the Complaint.

149.    The Times denies the allegations in Paragraph 149 of the Complaint.

150.    The Times denies the allegations in Paragraph 150 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
*Overtime Wages Pursuant to Article 19 of the NYLL, § 650 et seq.,*
*Against Defendant The Times*

151.    The Times repeats and realleges its responses to all preceding allegations as if fully set forth herein.

152.    The Times denies the allegations in Paragraph 120 of the Complaint.

153.    The Times denies the allegations in Paragraph 121 of the Complaint.

154.    The Times denies the allegations in Paragraph 122 of the Complaint.

155.    The Times denies the allegations in Paragraph 123 of the Complaint.

156.    The Times denies the allegations in Paragraph 124 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
*Unpaid Wages Pursuant to Article 6 of the NYLL, § 190 et seq.*
*Against Defendant The Times*

157.    The Third Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

158.    The Third Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

159.    The Third Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

160.    The Third Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

161.    The Third Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

162.    The Third Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

## AS TO THE FOURTH CAUSE OF ACTION
### *Discrimination Based on Age Pursuant to the NYC Administrative Code, § 8-101 et seq., Against Defendants The Times and Michele McNally*

163.    The Times repeats and realleges its responses to all preceding allegations as if fully set forth herein.

164.    The Times denies the allegations in Paragraph 164 of the Complaint.

165.    The Times denies the allegations in Paragraph 165 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### *Aiding, Abetting, Inciting, Compelling and Coercing Discrimination based on Age Pursuant to the NYC Administrative Code § 8-101 et seq., Against Defendant Michele McNally*

166.    The Fifth Cause of Action is asserted as to Defendant McNally only.  Therefore, no responsive pleading to Paragraph 166 of the Complaint is required of The Times.

167.    The Fifth Cause of Action is asserted as to Defendant McNally only.  Therefore, no responsive pleading to Paragraph 167 of the Complaint is required of The Times.

168.    The Fifth Cause of Action is asserted as to Defendant McNally only.  Therefore, no responsive pleading to Paragraph 168 of the Complaint is required of The Times.

## AS TO THE SIXTH CAUSE OF ACTION
### *Discrimination Based on Arrest Pursuant to the NYC Administrative Code, § 8-101 et seq., Against Defendants The Times and Michele McNally*

169.    The Times repeats and realleges its responses to all preceding allegations as if fully set forth herein.

170.    The Times denies the allegations in Paragraph 170 of the Complaint.

171.    The Times denies the allegations in Paragraph 171 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

***Aiding, Abetting, Inciting, Compelling and Coercing Discrimination Based on Arrest
Pursuant to the NYC Administrative Code § 8-101 et seq.,
Against Defendant Michele McNally***

172.    The Seventh Cause of Action is asserted as to Defendant McNally only.

Therefore, no responsive pleading to Paragraph 172 of the Complaint is required of The Times.

173.    The Seventh Cause of Action is asserted as to Defendant McNally only.

Therefore, no responsive pleading to Paragraph 173 of the Complaint is required of The Times.

174.    The Seventh Cause of Action is asserted as to Defendant McNally only.

Therefore, no responsive pleading to Paragraph 174 of the Complaint is required of The Times.

## AS TO THE EIGHTH CAUSE OF ACTION

***Retaliation Based on Assertion of Claims in Violation of the NYC Administrative Code, § 8-
101 et seq., Against Defendants The Times and Michele McNally***

175.    The Times repeats and realleges its responses to all preceding allegations as if
fully set forth herein.

176.    The Times denies the allegations in Paragraph 176 of the Complaint.

177.    The Times denies the allegations in Paragraph 177 of the Complaint.

## AS TO THE NINTH CAUSE OF ACTION

***Aiding, Abetting, Inciting, Compelling and Coercing Retaliation Based on Assertion of Claims
Pursuant to the NYC Administrative Code § 8-101 et seq.,
Against Defendant Michele McNally***

178.    The Ninth Cause of Action is asserted as to Defendant McNally only.  Therefore,
no responsive pleading to Paragraph 178 of the Complaint is required of The Times.

179.    The Ninth Cause of Action is asserted as to Defendant McNally only.  Therefore,
no responsive pleading to Paragraph 179 of the Complaint is required of The Times.

180.    The Ninth Cause of Action is asserted as to Defendant McNally only.  Therefore,
no responsive pleading to Paragraph 180 of the Complaint is required of The Times.

## AS TO THE TENTH CAUSE OF ACTION
***Breach of Quasi-Contract Against Defendant The Times***

181.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

182.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

183.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

184.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

185.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

186.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

187.    The Tenth Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

## AS TO THE ELEVENTH CAUSE OF ACTION
***Claim for Clarification of Rights to Benefits Pursuant to
ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)
Against Defendants the Plans and Trustees***

188.    The Eleventh Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

189.    The Eleventh Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

190.    The Eleventh Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

191.    The Eleventh Cause of Action was dismissed pursuant to the Memorandum Opinion and Order dated August 31, 2018 (Dkt. 71).  Therefore, no responsive pleading is required.

## AS TO THE PRAYER FOR RELIEF

The Times denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph of the Complaint and in its sub-paragraphs (1) through (10), and specifically denies that Plaintiff is entitled to any relief whatsoever.

## AS TO THE JURY DEMAND

The Times does not consent to the trial by jury of any issue not required by law to be tried to a jury, including, but not limited to, any determination of equitable remedies.

## GENERAL DENIAL

The Times denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

The Times alleges the following affirmative defenses to the Complaint, without conceding that it bears the burden of proof or persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations, including under 29 U.S.C. § 255(a) and N.Y. Lab. L. § 198(3), and § 8-502(d) of the New York City Administrative Code .

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, consent, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims that reference or are based on a collective bargaining agreement between The Times and a union representing its employees, are pre-empted by Section 301 of the Labor-Management Relations Act.

### FIFTH AFFIRMATIVE DEFENSE

Any of Plaintiff's claims that reference or are based on a collective bargaining agreement between The Times and a union representing its employees, are barred because Plaintiff failed to exhaust his administrative remedies and/or the grievance and arbitration procedures set forth in such collective bargaining agreement.

### SIXTH AFFIRMATIVE DEFENSE

Any act or omission complained of on the part of The Times was in good faith, in conformity with, and/or in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the United States Department of Labor or the New York State

Department of Labor, or an administrative practice or enforcement policy of such agency or agencies.

## SEVENTH AFFIRMATIVE DEFENSE

The Times had reasonable grounds for believing that any act or omission complained of on its part was not a violation of the Fair Labor Standards Act.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent it is found to have violated the New York Labor Law, The Times had a good faith basis to believe that its underpayment of wages was in compliance with the law.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is found to have been an employee of The Times for any purpose, Plaintiff was exempt from coverage under any applicable Minimum Wage Orders as a creative professional, including under 12 NYCRR § 142-2.14(c)(4)(iii).

## TENTH AFFIRMATIVE DEFENSE

Some or all of the time that Plaintiff claims to have worked is not compensable, including pursuant to the provisions of the Portal-to-Portal Act of 1947.

## ELEVENTH AFFIRMATIVE DEFENSE

The Times engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has received payment from The Times for all amounts to which he is entitled.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Times has at all times pertinent hereto adopted, maintained, and communicated appropriate policies and made good faith efforts to comply with anti-discrimination and/or retaliation laws.  The Times exercised reasonable care to prevent and correct promptly any unlawful behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by The Times or to avoid harm otherwise.  Some or all of Plaintiff's claims are barred because even if any unlawful discrimination and/or retaliation occurred (which The Times denies) such conduct was and is prohibited by The Times's policies and was not committed or authorized by The Times.  The Times never authorized, ratified, or participated in any discriminatory and/or retaliatory conduct regarding Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

During the time period relevant to the Complaint and prior to the actions complained of by Plaintiff, The Times had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, including but not limited to the programs, procedures, and policies set forth in Section 8-107(13)(d)(1) of the New York City Administrative Code ("Administrative Code").

## FIFTEENTH AFFIRMATIVE DEFENSE

The Times's liabilities and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) of the New York City Administrative Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because at all relevant times Defendants acted in good faith toward Plaintiff, and any actions taken toward Plaintiff were for legitimate, non-discriminatory, non-retaliatory business reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

During the time period relevant to the Complaint and prior to the actions complained of by Plaintiff, The Times had a record of no, or relatively few, prior incidents of discriminatory conduct by any employees whom Plaintiff alleges engaged in conduct violating the Administrative Code.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant decisions (which The Times denies), The Times would have made the same decisions regarding Plaintiff regardless of any alleged improper motive.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Complaint.

The Times does not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

The Times specifically requests an award of costs and attorneys' fees pursuant to Section 8-502(g) of the Administrative Code should it prevail in this lawsuit.

WHEREFORE, Defendant The New York Times Company respectfully requests that judgment be entered against Plaintiff and in favor of The Times and dismissing the Complaint, and Plaintiff's claims therein, with prejudice and in their entirety; denying each and every prayer of the Complaint; awarding The Times its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law (including under Section 8-502(g) of the Administrative Code); and granting The Times such other, further, and different relief as the Court deems just and proper.

Dated:  New York, New York
        September 18, 2018                    PROSKAUER ROSE LLP

                                             */s/ Allan S. Bloom*
                                             Allan S. Bloom
                                             Gregory I. Rasin
                                             Eleven Times Square
                                             New York, New York 10036
                                             Tel. 212.969.3000
                                             Fax 212.969.2900
                                             abloom@proskauer.com
                                             grasin@proskauer.com

                                             Michelle A. Annese
                                             One Newark Center, 18th Floor
                                             Newark, New Jersey 07102
                                             Tel. 973.274.3200
                                             Fax 973.274.3299
                                             mannese@proskauer.com

                                             *Attorneys for Defendants*
                                             THE NEW YORK TIMES COMPANY
                                             and MICHELE MCNALLY