

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

February 3, 2020

Allan S. Bloom
Member of the Firm
d +1.212.969.3880
f 212.969.2900
abloom@proskauer.com
www.proskauer.com

*By ECF*

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re:   <u>*Stolarik v. The New York Times Company, et al.*</u>; Civil Action No. 17 Civ. 5083 (PGG)

Your Honor:

We represent the defendants in this action, The New York Times Company ("The Times") and Michele McNally. Defendants hereby request a pre-motion conference in connection with their motion for summary judgment on the following "Causes of Action" in Plaintiff Robert Stolarik's Amended Complaint (Dkt. 21): (1) First (for overtime wages under the Fair Labor Standards Act ("FLSA")); (2) Second (for overtime wages under the New York Labor Law ("NYLL")); (3) Fourth (age discrimination under the New York City Human Rights Law ("NYCHRL")); (4) Fifth ("aiding and abetting" age discrimination under the NYCHRL); (5) Sixth (arrest-related discrimination under the NYCHRL); (6) Seventh ("aiding and abetting" arrest-related discrimination under the NYCHRL); (7) Eighth (retaliation under the NYCHRL); and (8) Ninth ("aiding and abetting" retaliation under the NYCHRL).[1]

At all relevant times, Plaintiff provided freelance photography services to The Times and, the undisputed evidence establishes that he was properly classified as an independent contractor and not an employee. In addition, there is no evidence from which a reasonable fact finder could conclude that Defendants discriminated against Plaintiff on the basis of his age or 2012 arrest, or retaliated against him based on a demand letter sent by his attorneys to The Times.

### I.   <u>Plaintiff's Overtime Claims Fail as a Matter of Law.</u>

Plaintiff's claims for overtime pay are based on his argument that The Times should have classified and treated him as an employee, as opposed to a freelancer. The record undermines these claims.

#### A.   *Plaintiff's Time-Barred Overtime Claims Must Be Dismissed.*

Plaintiff's overtime claims under the FLSA and the NYLL are subject to a two-year and a six-year statute of limitations, respectively. 29 U.S.C. § 255(a); NYLL § 663(3). Plaintiff filed his Complaint on July 6, 2017 (Dkt. 1). Accordingly, Plaintiff's FLSA and NYLL claims seeking overtime pay prior to July 6, 2015 (FLSA) and July 6, 2011 (NYLL) must be dismissed as untimely.

---

[1] The Court dismissed Plaintiff's Third and Tenth Causes of Action on August 31, 2018 (Dkt. 71).

**Proskauer»**

Honorable Paul G. Gardephe, U.S.D.J.
February 3, 2020
Page 2

### B. Plaintiff's Overtime Claims Fail Because Stolarik Was an Independent Contractor.

In the Second Circuit, the primary factors that inform the determination of whether a worker is an independent contractor or an employee under the FLSA are (1) the degree of control exercised by the putative employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the putative employer's business. *Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131 (2d Cir. 2017). No one factor is determinative; the focus is on the "totality of the circumstances." *Id*. at 139.

Under the NYLL, the critical inquiry is "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Grp.*, 1 N.Y.3d 193, 198 (2003). Factors considered "include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule." *Id*. at 199.

Under either test, the undisputed material facts establish that Plaintiff was an independent contractor vis-a-vis The Times. For example, it is undisputed that:

- Plaintiff entered into a freelance photographer agreement with The Times in 2004 that made clear he was an independent contractor. Plaintiff never sought to amend or terminate the agreement, and he never alleged (until he stopped working with The Times in 2016) that he should be treated as an employee.

- Pursuant to his freelance agreement, Plaintiff held a joint copyright interest in all images he produced for The Times, and the attendant right to sell those images worldwide and retain 100% of the revenue from such sales. (Conversely, staff photographers have no rights in the images they produce for The Times as employees.)

- Unlike an employee, Plaintiff had the sole discretion whether to provide services to The Times (or to any other business or client) on any given day. He was completely at liberty to reject any opportunity to work on assignment for The Times, for any or no reason. The Times never imposed a quota or minimum number of freelance assignments that Plaintiff had to undertake, and the number and types of freelance assignments he accepted varied from week to week and from month to month.

- Plaintiff was paid on a Form 1099 basis throughout his working relationship with The Times, and reported his income as a sole proprietor/self-employed businessperson, noting his business expenses on "Schedule[s] C, Profit or Loss from Business (Sole Proprietorship)."

- The Times never provided Plaintiff with performance reviews, a Times identification card, a building security card, a Times email address or telephone number, an office, health care

- coverage, retirement benefits, or other employee benefits. Plaintiff used his own equipment, tools, and materials in the performance of his freelance services.

- Plaintiff was never a member of the union that represents all Times staff photographers, and never sought to become a member of the union or to pay union dues.

- During the time he provided services to The Times, Plaintiff continued to own, operate, and work in other independent businesses, including a wedding photography business and a copyright-related business. Unlike Times staff photographers, he was free at all times to provide freelance services to other newspapers and magazines. Plaintiff is represented by two photography agencies that carry his archives and have the right to distribute and sell his photographs on his behalf to media industries worldwide.

In sum, the totality of the evidence establishes that Plaintiff was an independent contractor and not an employee.

### C. Alternatively, Plaintiff is an Exempt Creative Professional Under the NYLL.

Even if he were found to be an employee of The Times, Plaintiff would be exempt from the overtime requirements of the NYLL as a creative professional. 12 N.Y.C.R.R. § 142-2.14 (exempting individuals whose primary duty consists of the performance of work that "[i]s original and creative in a recognized field of artistic endeavor, and produces a result that depends primarily on the invention, imagination, or talent of the employee"). Plaintiff has worked as a professional photographer since 1995—well before he ever provided freelance services to The Times—and he used his creative skills and talents each time he produced an image for The Times.

## II. Plaintiff's Arrest-Related Discrimination Claims Fail as a Matter of Law.

Plaintiff, who was arrested on August 4, 2012 while performing services for The Times, alleges that he was denied police-related assignments following his arrest in 2012 and following the conviction of the officer involved in his arrest in October 2015. These claims are belied by the record.

### A. Plaintiff's Claims Fail Because Plaintiff Was an Independent Contractor.

The protections afforded by the NYCHRL extend to employees only, and "not to independent contractors." *Cosgriff v. Valdese Weavers LLC*, 2012 WL 1071497, at *4 (S.D.N.Y. Mar. 30, 2012).[2] As set forth above, Plaintiff was, at-all times, engaged as an independent contractor and, thus, his arrest-related discrimination claims fail as a matter of law.

---

[2] The 2020 amendments to the NYCHRL providing certain protections to independent contractors are not retroactive, and therefore have no bearing on this case. Plaintiff's age discrimination and retaliation claims fail for this same reason.

**Proskauer»**

Honorable Paul G. Gardephe, U.S.D.J.
February 3, 2020
Page 4

### B. Plaintiff's Claims are Time-Barred, in Whole or in Part.

The NYCHRL is governed by a three-year statute of limitations. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996). Accordingly, any alleged discriminatory acts occurring more than three years prior to the filing of Plaintiff's Complaint on July 6, 2017 are time-barred.

### C. Plaintiff's Arrest-Related Discrimination Claims Have No Merit.

The undisputed facts show that Plaintiff—whose freelance services were primarily for The Times's Metro Desk—continued to receive assignments, including police-related assignments, following his August 4, 2012 arrest. Indeed, it is undisputed that The Times engaged Plaintiff to provide photography services on August 11, 2012—a mere nine days after his arrest. It is also undisputed that The Times engaged Plaintiff to photograph various Occupy Wall Street anniversary events—at which there was a heavy police presence—in September 2012. Further, the percentage of freelance assignments Plaintiff undertook for The Times in 2012 was *higher* in the months following his arrest than in the seven months preceding his arrest. The total number of freelance assignments Plaintiff worked on with The Times in 2013 was essentially the same as in 2012. The allegation that The Times somehow "discriminated" against Plaintiff following his arrest is a fiction.

To the contrary, the record reflects that The Times and members of its leadership team rushed to Plaintiff's defense and aid in the wake of his 2012 arrest. The Times prominently reported on Plaintiff's arrest in its print edition the following day,[3] noting that the arrest was "especially distressing," that "the police [were] interfering with journalists in the course of their work," and that "the police overacted and attempted to intimidate" Plaintiff. The Times even assumed the costs of Plaintiff's legal defense, assigning one of its in-house attorneys to represent him throughout his criminal proceedings. These are not the actions of a defendant harboring a bias based on the fact of one's arrest.[4]

The reduction in Plaintiff's freelance opportunities over time had nothing to do with Plaintiff's arrest. Rather, the undisputed evidence establishes that, for example, Plaintiff's freelance work diminished because the Metro Desk began to cover fewer "breaking news" stories (for which Plaintiff was particularly adept) and because of individual photography editors' preferences.

Plaintiff's "aiding and abetting" claims against McNally, who played no role in assigning photography assignments, fails for the same reasons. Under the NYCHRL, an "aiding and abetting [claim] is only a viable theory where an underlying violation has taken place." *Falchenberg v. N.Y. State Dep't Educ.*, 338 F. App'x. 11 (2d Cir. 2009).

---

[3] https://www.nytimes.com/2012/08/06/nyregion/robert-stolarik-times-photographer-is-arrested-while-on-assignment-in-the-bronx.html?searchResultPosition=3.

[4] Following the officer's conviction in October 2015, The Times engaged Plaintiff to work on nine additional assignments that year, and prominently reported on the conviction.

**Proskauer»**

Honorable Paul G. Gardephe, U.S.D.J.
February 3, 2020
Page 5

### III. Plaintiff's Age Discrimination Claim Has No Merit.

Plaintiff alleges that he was not hired for a staff photographer position in 2006 and 2014. He also alleges that he was discriminated against with respect to assignments based on his age.

Stolarik's age discrimination claim is subject to a three-year statute of limitations. *Van Zant*, *supra*, 80 F.3d at 714. Plaintiff's claim that he was not hired for a staff photographer position in 2006 and that he was denied assignments prior to July 6, 2014 are therefore time-barred. Moreover, it is undisputed that Plaintiff never applied for a staff photographer position in 2006; he admitted in discovery that the only time he purported to apply for a staff photographer position was in 2014. It is also undisputed, however, that hiring for staff photographers was frozen in 2014 because of budgetary reasons, and the position was never filled. Plaintiff's assignment-related age discrimination claim also finds no support in the record. There is no evidence that younger freelance photographers received more opportunities than Plaintiff, and it is undisputed that The Times does not collect or maintain age data for freelancers.[5]

### IV. Stolarik's Retaliation Claims Have No Merit.

Plaintiff alleges that Defendants stopped assigning him freelance work after The Times received a demand letter from his attorneys on or about March 18, 2016. The undisputed facts, however, show that Plaintiff had only received *two* freelance assignments from The Times in 2016 prior to his attorney's March 18 letter. It is also undisputed that the decision to no longer utilize Plaintiff's services as a freelancer was made more than two months later—on June 1, 2016, by the Times's General Counsel (and not McNally)—when The Times learned that Plaintiff, through his independently owned company, Copyright Collective—had sent confrontational emails to licensees of The Times's images and had engaged in heated argument with The Times's in-house copyright attorney. Putting aside the bona fide reasons for discontinuing its working relationship with Plaintiff and the complete absence of any evidence of "retaliation," the notion that the Times's longstanding General Counsel would intentionally "retaliate" against Plaintiff for sending a pro forma demand letter months earlier is simply preposterous.

For the foregoing reasons, Defendants request a pre-motion conference in connection with their proposed motion for summary judgment.[6]

Respectfully submitted,

*/s/ Allan S. Bloom*

Allan S. Bloom

---

[5] There is no evidence in the record that McNally encouraged anyone at The Times not to hire or assign Plaintiff because of his age.

[6] Plaintiff does not consent to the proposed motion.

**Proskauer»**

Honorable Paul G. Gardephe, U.S.D.J.
February 3, 2020
Page 6

cc:     All Counsel of Record (by ECF)